UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | PLAINTIFF |
| | ) | |
| v. | ) | No. 4:20-CR-00163 JM |
| | ) | |
| | ) | |
| CHARLES ELRIC SCHLINKE | ) | DEFENDANT |

### MOTION TO DISMISS FOR FAILURE TO STATE AN OFFENSE

Charles Elric Schlinke, the Defendant, by and through his attorney, KenDrell D. Collins, moves this honorable Court grant his *Motion to Dismiss Count One of the Indictment for Failure to State an Offense,* pursuant to Fed. R. Crim. P.12(b)(3)(B)(v). In support of this motion, Mr. Schlinke shows the following:

1.  Count One of the indictment alleges that "[o]n or about May 20, 2020, the defendant, CHARLES ELRIC SCHLINKE, had previously and knowingly been convicted of a crime punishable by a term of imprisonment exceeding one year, that is: Simple Robbery, in Olmsted County, Minnesota, District Court in Case Number 55-CR-15-3455." See Doc. No. 2. The indictment goes on to allege that he "knowingly possessed, in and affecting commerce" two firearms "in violation of Title 18, United States Code, Section 922(g)(1)."

2.  The Minnesota docket report for Mr. Schlinke's simple robbery case states that a Stay of Imposition pursuant to "M.S. 609.135" was entered on October 5, 2015. (See Page 1 of Defendant's Exhibit 1). Supervised probation was ordered for a term of ten years and, as a condition of probation, he could not "use or possess firearms, ammunition or explosives." As further indicated on Page 2 of the docket report, the Stay of Imposition was amended June 15, 2016 due to a probation violation. Mr. Schlinke's conditions remained the same although local

confinement of 6 days at the Olmsted County Jail is noted on Page 3 of the docket report. The Stay of Imposition was again amended on February 26, 2018.

3. Page 3 of the docket report indicates that the level of sentence was modified and the "conviction was deemed a misdemeanor pursuant to M.S. 609.13" in 2018. According to Minnesota Statutes Annotated 609.13 subd. 1.2, "notwithstanding a conviction is for a felony" "the conviction is deemed to be for a misdemeanor if the imposition of the prison sentence is stayed, the defendant is placed on probation, and the defendant is thereafter discharged without a prison sentence." (See Defendant's Exhibit 2). According to Minnesota Statutes Annotated § 609.02 subd. 3, misdemeanor "means a crime for which a sentence of not more than 90 days or a fine of not more than $1,000, or both may be imposed." (See Defendant's Exhibit 3). On December 10, 2018 Mr. Schlinke was discharged from probation and monitoring pursuant to an order by Judicial Officer Jacob C. Allen, as indicated on Page 6 of the docket report, and the Order of Discharge. (See Defendant's Exhibit 4). On the same day, it show his restoration of voting rights were sent to the Secretary of State or "SOS" which indicates that his civil rights were restored. This is consistent with Minnesota Statutes Annotated § 609.165 which states, "When a person has been deprived of civil rights by reason of conviction of a crime and is thereafter discharged, such discharge shall restore the person to all civil rights and to full citizenship, with full right to vote and hold office, the same as if such conviction had not taken place, and the order of discharge shall so provide." (See Defendant's Exhibit 5). "This statutory restoration of civil rights operates automatically upon the expiration of a convicted felon's sentence." *United States v. Traxel*, 914 F.2d 119, 123 (8th Cir. 1990). Additionally, § 609.165, subd. 1a provides that "[t]he order of discharge must provide that a person who has been convicted of a crime of violence as defined in [§] 624.712, [subd.] 5, is not entitled to ship, transport, possess, or receive a firearm or ammunition

for the remainder of the person's lifetime.  Any person who has received such a discharge and who thereafter has received relief of disability" under 18 U.S.C. § 925, "or whose ability to possess firearms and ammunition has been restored under subdivision 1d, shall not be subject to the restrictions of this subdivision." No such language is presented in Mr. Schlinke's order of discharge.

4. Mr. Schlike's criminal history does not present any other alleged felony offenses, nor does the government allege any in the indictment.

5. As 18 U.S.C. § 921(a)(20) explains: "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights *expressly* provides that the person may not ship, transport, possess, or receive firearms."(emphasis added).  As such, the simple robbery conviction does not constitute a conviction under § 921(a)(20) for § 922(g)(1) purposes.  See *United States v. Wind*, 986 F.2d 1248, 1251-52 (8th Cir. 1993) (holding that defendant's Minnesota burglary conviction did not constitute a conviction under § 921(a)(2) for § 924(e) sentencing enhancement purposes because "the order of discharge did not expressly exclude from the restoration of civil rights the right to possess firearms;" and noting that although the "omission was apparently an oversight," "the omission of the required express limitation of the right to possess firearms cannot be overlooked, particularly in light of the plenary nature of the Minnesota restoration statute"); *United States v. Glaser*, 14 F.3d 1213, 1215-18 (7th Cir. 1994) (holding that defendant's Minnesota burglary conviction did not constitute a conviction under § 921(a)(2) for § 924(e) sentencing enhancement purposes because the order of discharge, which wrote "Be advised that this certificate does not relieve you of the disabilities imposed by the Federal Gun Control Act," did not tell "him that Minnesota

placed restrictions on his possession of firearms;" and explaining that "[w]hen the state gives the person a formal notice of the restoration of civil rights, . . . the final sentence of § 921(a)(20) instructs us to look, not at the contents of the state's statute books but at the contents of the document").

6.   The Court in *Glaser*, 14 F.3d at 1215 also emphasized the importance of adequate notice in situations where certain rights have been restored but where there is uncertainty regarding the right to carry a firearm:

> If the state sends the felon a piece of paper implying that he is no longer 'convicted' and that all civil rights have been restored, a reservation in a corner of the state's penal code cannot be the basis of a federal prosecution. A state must tell the felon point blank that weapons are not kosher. The final sentence of § 921(a)(20) cannot logically mean that the state may dole out an apparently-unconditional restoration of rights yet be silent so long as any musty statute withholds the right to carry guns. Then the state never would need to say a peep about guns; the statute would self-destruct. It must mean, therefore, that the state sometimes must tell the felon that under state law he is not entitled to carry guns, else § 922(g) does not apply.

Further, the court in *United States v. Alameri*, granted the defendant's motion to dismiss indictment where the defendant's prior conviction was for mail theft in violation of Minnesota Statutes Annotated § 609.529.2 and the conviction was deemed a misdemeanor under Minnesota law, and defendant was discharged. The court wrote that the discharge order, which provided that "[t]his restoration of civil rights does not relieve you from any disabilities or criminal penalties described in the laws of Minnesota, any other state, or the United States regarding the ownership, use, shipment, transportation, possession, or receipt of firearms," did not "expressly provide" that defendant "may not ship, transport, possess, or receive firearms" because "Minnesota imposes 'disabilities' on restored firearms rights only when such rights are restored to a person convicted of a 'crime of violence.' *United States v. Alameri*, No. 618CR154ORL31KRS, 2018 WL 9814599, at *2-5 (M.D. Fla. Sept. 21, 2018)

Mr. Schlinke's case is distinguished from *United States v. Chachia*, where the court held that the conviction remained because "no judgement was entered in the case and the Riverside Superior Court never declared the conviction a misdemeanor" and there was "no evidence in the state court docket that the court declared Chahia's offense to be a misdemeanor when his probation was terminated." *United States v. Chahia,* 2011 U.S. Dist. LEXIS 50669 at 10-11. Unlike Chahia, Mr. Schlinke was discharged from probation and the docket report explicitly declares that his conviction converted or "wobbled" into a misdemeanor. Additionally, Mr. Schlinke's civil rights were explicitly restored.

7. The indictment fails to state a chargeable offense because the alleged simple robbery conviction does not constitute a conviction under § 921(a)(20) for § 922(g)(1) purposes.

WHEREFORE, Charles Elric Schlinke, the Defendant, respectfully requests that this Court grant his *Motion to Dismiss Count One of the Indictment for Failure to State an Offense,* pursuant to Fed. R. Crim. P.12(b)(3)(B)(v), and for all other just and appropriate relief.

Respectfully submitted,

LISA G. PETERS
FEDERAL DEFENDER

By:    KenDrell D. Collins
       Bar Number 2019040
       Assistant Federal Defender
       The Victory Building, Suite 490
       1401 West Capitol Avenue
       Little Rock, AR 72201
       (501) 324-6113
       E-mail: KenDrell_Collins@fd.org

For:   Charles Elric Schlinke, Defendant