Minnesota Statutes Annotated
  Crimes; Expungement; Victims (Ch. 609-624)
    Chapter 609. Criminal Code (Refs & Annos)
      General Principles

M.S.A. § 609.02

609.02. Definitions

Effective: July 1, 2019

Currentness

**Subdivision 1. Crime.** "Crime" means conduct which is prohibited by statute and for which the actor may be sentenced to imprisonment, with or without a fine.

**Subd. 2. Felony.** "Felony" means a crime for which a sentence of imprisonment for more than one year may be imposed.

Subd. 2a. Repealed by Laws 1999, c. 194, § 11.

**Subd. 3. Misdemeanor.** "Misdemeanor" means a crime for which a sentence of not more than 90 days or a fine of not more than $1,000, or both, may be imposed.

**Subd. 4. Gross misdemeanor.** "Gross misdemeanor" means any crime which is not a felony or misdemeanor. The maximum fine which may be imposed for a gross misdemeanor is $3,000.

**Subd. 4a. Petty misdemeanor.** "Petty misdemeanor" means a petty offense which is prohibited by statute, which does not constitute a crime and for which a sentence of a fine of not more than $300 may be imposed.

**Subd. 5. Conviction.** "Conviction" means any of the following accepted and recorded by the court:

(1) a plea of guilty; or

(2) a verdict of guilty by a jury or a finding of guilty by the court.

**Subd. 6. Dangerous weapon.** "Dangerous weapon" means any firearm, whether loaded or unloaded, or any device designed as a weapon and capable of producing death or great bodily harm, any combustible or flammable liquid or other device or instrumentality that, in the manner it is used or intended to be used, is calculated or likely to produce death or great bodily harm, or any fire that is used to produce death or great bodily harm.

As used in this subdivision, "flammable liquid" means any liquid having a flash point below 100 degrees Fahrenheit and having a vapor pressure not exceeding 40 pounds per square inch (absolute) at 100 degrees Fahrenheit but does not include intoxicating

liquor as defined in section 340A.101. As used in this subdivision, "combustible liquid" is a liquid having a flash point at or above 100 degrees Fahrenheit.

**Subd. 7. Bodily harm.** "Bodily harm" means physical pain or injury, illness, or any impairment of physical condition.

**Subd. 7a. Substantial bodily harm.** "Substantial bodily harm" means bodily injury which involves a temporary but substantial disfigurement, or which causes a temporary but substantial loss or impairment of the function of any bodily member or organ, or which causes a fracture of any bodily member.

**Subd. 8. Great bodily harm.** "Great bodily harm" means bodily injury which creates a high probability of death, or which causes serious permanent disfigurement, or which causes a permanent or protracted loss or impairment of the function of any bodily member or organ or other serious bodily harm.

**Subd. 9. Mental state.** (1) When criminal intent is an element of a crime in this chapter, such intent is indicated by the term "intentionally," the phrase "with intent to," the phrase "with intent that," or some form of the verbs "know" or "believe."

(2) "Know" requires only that the actor believes that the specified fact exists.

(3) "Intentionally" means that the actor either has a purpose to do the thing or cause the result specified or believes that the act performed by the actor, if successful, will cause that result. In addition, except as provided in clause (6), the actor must have knowledge of those facts which are necessary to make the actor's conduct criminal and which are set forth after the word "intentionally."

(4) "With intent to" or "with intent that" means that the actor either has a purpose to do the thing or cause the result specified or believes that the act, if successful, will cause that result.

(5) Criminal intent does not require proof of knowledge of the existence or constitutionality of the statute under which the actor is prosecuted or the scope or meaning of the terms used in that statute.

(6) Criminal intent does not require proof of knowledge of the age of a minor even though age is a material element in the crime in question.

**Subd. 10. Assault.** "Assault" is:

(1) an act done with intent to cause fear in another of immediate bodily harm or death; or

(2) the intentional infliction of or attempt to inflict bodily harm upon another.

**Subd. 11. Second or subsequent violation or offense.** "Second or subsequent violation" or "second or subsequent offense" means that prior to the commission of the violation or offense, the actor has been adjudicated guilty of a specified similar violation or offense.

Subds. 12, 13. Repealed by Laws 1993, c. 326, art. 2, § 34.

Subd. 14. Repealed by Laws 2014, c. 263, § 4, eff. May 17, 2014.

**Subd. 15. Probation.** "Probation" means a court-ordered sanction imposed upon an offender for a period of supervision no greater than that set by statute. It is imposed as an alternative to confinement or in conjunction with confinement or intermediate sanctions. The purpose of probation is to deter further criminal behavior, punish the offender, help provide reparation to crime victims and their communities, and provide offenders with opportunities for rehabilitation.

**Subd. 16. Qualified domestic violence-related offense.** "Qualified domestic violence-related offense" includes a violation of or an attempt to violate sections 518B.01, subdivision 14 (violation of domestic abuse order for protection); 609.185 (first-degree murder); 609.19 (second-degree murder); 609.221 (first-degree assault); 609.222 (second-degree assault); 609.223 (third-degree assault); 609.2231 (fourth-degree assault); 609.224 (fifth-degree assault); 609.2242 (domestic assault); 609.2245 (female genital mutilation); 609.2247 (domestic assault by strangulation); 609.342 (first-degree criminal sexual conduct); 609.343 (second-degree criminal sexual conduct); 609.344 (third-degree criminal sexual conduct); 609.345 (fourth-degree criminal sexual conduct); 609.377 (malicious punishment of a child); 609.713 (terroristic threats); 609.748, subdivision 6 (violation of harassment restraining order); 609.749 (harassment or stalking); 609.78, subdivision 2 (interference with an emergency call); 617.261 (nonconsensual dissemination of private sexual images); and 629.75 (violation of domestic abuse no contact order); and similar laws of other states, the United States, the District of Columbia, tribal lands, and United States territories.

**Subd. 17. Ammunition.** "Ammunition" means ammunition or cartridge cases, primers, bullets, or propellent powder designed for use in any firearm. Ammunition does not include ornaments, curiosities, or souvenirs constructed from or resembling ammunition or ammunition components that are not operable as ammunition.

**Credits**
Laws 1963, c. 753. Amended by Laws 1969, c. 735, § 3, eff. July 1, 1969; Laws 1971, Ex.Sess., c. 27, §§ 42, 43, eff. Aug. 4, 1971; Laws 1977, c. 355, § 2, eff. Aug. 1, 1977; Laws 1979, c. 258, §§ 2, 3; Laws 1983, c. 274, § 14, eff. June 7, 1983; Laws 1983, c. 331, §§ 4, 5, eff. Aug. 1, 1983; Laws 1985, c. 167, § 1; Laws 1986, c. 444; Laws 1987, c. 307, §§ 1, 2, eff. Aug. 1, 1987; Laws 1987, c. 329, § 3, eff. Aug. 1, 1987; Laws 1987, c. 384, art. 2, § 1; Laws 1989, c. 5, §§ 1, 2, eff. Aug. 1, 1989; Laws 1992, c. 571, art. 6, § 10; Laws 1993, c. 326, art. 5, § 6; Laws 1997, c. 239, art. 9, § 34, eff. May 31, 1997; Laws 1997, 1st Sp., c. 2, §§ 59, 60; Laws 1999, c. 194, § 5; Laws 2000, c. 488, art. 5, §§ 2, 3; Laws 2001, 1st Sp., c. 8, art. 10, § 7; Laws 2005, c. 136, art. 17, § 8; Laws 2006, c. 260, art. 1, § 12; Laws 2007, c. 54, art. 2, § 2, eff. Aug. 1, 2007; Laws 2010, c. 299, § 14, par. (b), eff. Aug. 1, 2010; Laws 2012, c. 227, § 1, eff. Aug. 1, 2012; Laws 2015, c. 65, art. 3, § 16, eff. Aug. 1, 2015; Laws 2016, c. 126, § 3, eff. Aug. 1, 2016; Laws 2019, 1st Sp., c. 5, art. 2, § 29, eff. July 1, 2019.

**Editors' Notes**

**RULES OF CRIMINAL PROCEDURE**

<Section 480.059, subd. 7, provides in part that statutes which relate to substantive criminal law found in chapter 609, except for sections 609.115 and 609.145, remain in full force and effect notwithstanding the Rules of Criminal Procedure.>

## ADVISORY COMMITTEE COMMENT [1963]

The policy pursued in this revision has been to define the terms as used with respect to the specific crimes. Also where words have been defined elsewhere in the statutes for the purposes of the statutes generally it was the policy not to duplicate or undertake a different definition of the same term. These definitions appear particularly in Minn.St. §§ 645.44 and 645.45.

This has reduced the number of definitions needed for the criminal code and many of the definitions now appearing in Minn.St. §§ 610.01 and 610.02 have not been duplicated.

A number of terms, however, of special application to the criminal code are used in the revision in a number of instances and in connection with different crimes and general definitions are needed in these instances.

These definitions will apply to sections outside of the revised criminal code under the provisions of § 609.015 Subd. 2.

Minn.St. § 610.02, by its terms, applies to Part V of the Minnesota Statutes. In a few sections of Part V not being repealed as a result of this revision, terms are used which are presently defined in § 610.02, and which are not defined under the recommended § 609.02. The definitions involved are of limited value and it is believed the courts will experience little difficulty in construing the terms in their context without the need for statutory definitions.

**Subds. 1 to 4:** The words "crime," "felony," "misdemeanor," and "gross misdemeanor" are now defined in Minn.St. § 610.01, substantially as recommended.

**Subd. 5:** Since the term "conviction" is frequently used in the revised code it was felt desirable to define the term. This has been done in accordance with presently prescribed criminal procedure.

Minn.St. § 611.03 provides:

"No person indicted for any offense shall be convicted thereof, unless by admitting the truth of the charge in his demurrer, or plea, by confession in open court, or by verdict of a jury, accepted and recorded by the court."

Minn.St. § 630.26 provides in part:

"If the demurrer shall be disallowed or the indictment amended, the court shall permit the defendant, at his election, to plead forthwith or at such time as the court may allow. If he does not plead, judgment shall be pronounced against him."

The recommended definition incorporates the principles of these provisions.

In State v. Corey, 1931, 182 Minn. 48, 52, 233 N.W. 590, the court defined "confession in open court" as "a formal admission that the specific crime or one included within the indictment was committed, the confession being entered of record virtually amounting to a change of plea to guilty."

Defendant's testimony given in open court showing as a matter of law that he had committed the crime was held not to come within the definition.

**Subd. 6:** There is presently no definition of the term "dangerous weapon" in the Minnesota statutes. The definition recommended is taken without change from the Wisconsin code, § 939.22, Clause (10). The term is used in several sections of the recommended code.

**Subds. 7 and 8:** These definitions are taken from the Wisconsin code, 939.22, Clauses (4) and (14). There are presently no corresponding Minnesota definitions.

**Subd. 9:** These terms are uniformly used throughout the criminal code. Such terms as "knowingly," "wilfully," "maliciously," and the like have led to great confusion in their interpretation by the courts. In place, if knowledge of a fact is required, the term "know" has been used. Where an intent is required to establish a crime these definitions will indicate the meaning with which the term is used.

The definitions are taken verbatim from Wisconsin St. § 939.23. Uniformity of definitions and interpretations of the terms will thus result.

### COMMENT BY MAYNARD E. PIRSIG [1963]

The terms "offense" and "criminal offense" are occasionally used in the new Criminal Code. They are used in the same sense as the term "crime". Violations of municipal ordinances are not intended to be included under either term. See State v. Robitshek, 60 Minn. 123, 61 N.W. 1023, 1895; State v. End, 232 Minn. 266, 45 N.W.2d 378, 1950.

In addition to the above definition of "Conviction", the original proposed section 609.02, subd. 5, included the following:

"A judgment entered upon failure to plead as provided by law when a demurrer is overruled."

"A confession in open court."

Some of the above comments of the Advisory Committee are directed to these proposed provisions.

Objection was made to the Committee that these procedures, while provided for in Minn.St., §§ 611.03 and 630.26, are, in practice unknown. If a demurrer is overruled, opportunity to plead over is invariably granted. A confession in open court without a plea of guilty is unknown. Accordingly these two provisions were deleted in the final recommendations of the Committee.

At the same time, the words, "or a finding of guilty by the court" were added by the Committee, a necessary provision previously overlooked.

The Wisconsin definition of "great bodily harm" from which subd. 8, above, was taken, was construed in State v. Bronston, 7 Wis.2d 627, 633, 97 N.W.2d 504, modified, rehearing denied, 98 N.W.2d 468, as follows:

"Mrs. Zilke's injury resulting from the blow consisted of a two-inch laceration of the scalp on the left rear portion of her head that required four sutures to close. She remained in the hospital but a few hours and was released. The place on the skull where struck is where the left jaw bones are connected to the skull. For some time she had headaches and suffered pain in the left jaw which was diagnosed as traumatic arthritis of the left mandibular joint. Mrs. Zilke testified that she thought the headaches were a nervous reaction. She received medical treatment for the jaw condition and after a while she did not have any more pain.

"Penal statutes are to be interpreted strictly against the state and liberally in favor of the accused. * * * Because of this rule, in construing sec. 939.22(14), Stat., containing the definition of 'great bodily harm', we deem that the further canon of statutory interpretation of *ejusdem generis* is applicable. The nervous headaches and pain in the jaw which Mrs. Zilke suffered and which did not endure for a protracted period are not in the same category as 'permanent or protracted loss or impairment of the function of any bodily member or organ.' "

Notes of Decisions (215)

M. S. A. § 609.02, MN ST § 609.02
Current with all legislation from the 2020 Regular Session and 1st and 2nd Special Sessions. Some statute sections may be more current, see credits for details. The statutes are subject to change as determined by the Minnesota Revisor of Statutes. (These changes will be incorporated later this year.)

**End of Document**

© 2020 Thomson Reuters. No claim to original U.S. Government Works.