IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 4:20CR00163-JM |
| | ) | |
| CHARLES ELRIC SHCLINKE | ) | |

## UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO DISMISS

The United States of America, by and through its counsel, Cody Hiland, United States Attorney for the Eastern District of Arkansas, and Stacy Williams, Assistant United States Attorney for said district, states the following:

Charles Schlinke is charged with violating 18 U.S.C. § 922(g)(1), which prohibits those who have "been convicted in any court of, a crime punishable by imprisonment for a term exceeding on year" from possessing firearms. Schlinke was convicted on October 5, 2015, of simple robbery in Olmsted County, Minnesota. The Minnesota simple robbery statute provides:

> Whoever, having knowledge of not being entitled thereto, takes personal property from the person or in the presence of another and uses or threatens the imminent use of force against any person to overcome the person's resistance or powers of resistance to, or to compel acquiescence in, the taking or carrying away of the property is guilty of robbery and may be sentenced to imprisonment for not more than ten years or to payment of a fine of not more than $20,000, or both.

Minn. Stat. Ann. § 609.24 (West). Simple robbery is a felony, punishable by a term of imprisonment of up to ten years, under Minnesota law. Schlinke was sentenced to ten years' probation, which was scheduled to conclude on October 5, 2025. During the term of probation, Schlinke violated his probation and was sent to Olmsted County Department of Corrections for a total of 288 days, including a period of jail credit before his change of plea. Schlinke moved to Texas and absconded from probation, and after having no contact with him, Schlinke's probation officer discharged Schlinke from probation on December 10, 2018. Without a hearing, Schlinke's

probation was discharged, and the docket sheet was edited to reflect that the conviction was deemed a misdemeanor pursuant to Minn. Stat. Ann § 609.13, which provides:

> **Subdivision 1. Felony.** Notwithstanding a conviction is for a felony:
>
> > (1) the conviction is deemed to be for a misdemeanor or a gross misdemeanor if the sentence imposed is within the limits provided by law for a misdemeanor or gross misdemeanor as defined in section 609.02; or
> > (2) the conviction is deemed to be for a misdemeanor if the imposition of the prison sentence is stayed, the defendant is placed on probation, and the defendant is thereafter discharged without a prison sentence.
>
> **Subd. 2. Gross misdemeanor.** Notwithstanding that a conviction is for a gross misdemeanor, the conviction is deemed to be for a misdemeanor if:
>
> > (1) the sentence imposed is within the limits provided by law for a misdemeanor as defined in section 609.02; or
> > (2) if the imposition of the sentence is stayed, the defendant is placed on probation, and the defendant is thereafter discharged without sentence.
>
> **Subd. 3. Misdemeanors.** If a defendant is convicted of a misdemeanor and is sentenced, or if the imposition of sentence is stayed, and the defendant is thereafter discharged without sentence, the conviction is deemed to be for a misdemeanor for purposes of determining the penalty for a subsequent offense.

Minn. Stat. Ann. § 609.13 (West). However, deeming Schlinke's conviction to be a misdemeanor does not restore Schlinke's right to possess firearms.

Minnesota has other statutes to clarify the issue of whether those whose convictions are deemed misdemeanors can possess firearms. Minn. Stat. Ann. § 609.165 states:

> **Subdivision 1. Restoration.** When a person has been deprived of civil rights by reason of conviction of a crime and is thereafter discharged, such discharge shall restore the person to all civil rights and to full citizenship, with full right to vote and hold office, the same as if such conviction had not taken place, and the order of discharge shall so provide.
>
> **Subd. 1a. Certain convicted felons ineligible to possess firearms or ammunition.** *The order of discharge must provide that a person who has been convicted of a crime of violence, as defined in section 624.712, subdivision 5, is not entitled to ship, transport, possess, or receive a firearm or ammunition for the remainder of the person's lifetime.* Any person who has received such a discharge and who thereafter has received a relief of disability under United States Code, title

18, section 925, or whose ability to possess firearms and ammunition has been restored under subdivision 1d, shall not be subject to the restrictions of this subdivision.

**Subd. 1b. Violation and penalty.**

    (a) *Any person who has been convicted of a crime of violence, as defined in section 624.712, subdivision 5, and who ships, transports, possesses, or receives a firearm or ammunition, commits a felony* and may be sentenced to imprisonment for not more than 15 years or to payment of a fine of not more than $30,000, or both.
    (b) A conviction and sentencing under this section shall be construed to bar a conviction and sentencing for a violation of section 624.713, subdivision 2.

    (c) The criminal penalty in paragraph (a) does not apply to any person who has received a relief of disability under United States Code, title 18, section 925, or whose ability to possess firearms and ammunition has been restored under subdivision 1d.

**Subd. 1c.** Repealed by Laws 1999, c. 61, § 2, eff. April 17, 1999.

**Subd. 1d. Judicial restoration of ability to possess firearms and ammunition by felon.** *A person prohibited by state law from shipping, transporting, possessing, or receiving a firearm or ammunition because of a conviction or a delinquency adjudication for committing a crime of violence may petition a court to restore the person's ability to possess, receive, ship, or transport firearms and otherwise deal with firearms and ammunition.* The court may grant the relief sought if the person shows good cause to do so and the person has been released from physical confinement. If a petition is denied, the person may not file another petition until three years have elapsed without the permission of the court.

**Subd. 2. Discharge.** The discharge may be:

    (1) by order of the court following stay of sentence or stay of execution of sentence; or
    (2) upon expiration of sentence.

**Subd. 3. Applicability.** This section does not apply to a forfeiture of and disqualification for public office as provided in section 609.42, subdivision 2.

Minn. Stat. Ann. § 609.165 (West) (emphasis added). A crime of violence is defined as:

**Subd. 5. Crime of violence.** "Crime of violence" means: felony convictions of the following offenses: <u>sections 609.185</u> (murder in the first degree); 609.19 (murder in the second degree); 609.195 (murder in the third degree); 609.20 (manslaughter in the first degree); 609.205 (manslaughter in the second degree); 609.215 (aiding

suicide and aiding attempted suicide); 609.221 (assault in the first degree); 609.222 (assault in the second degree); 609.223 (assault in the third degree); 609.2231 (assault in the fourth degree); 609.224 (assault in the fifth degree); 609.2242 (domestic assault); 609.2247 (domestic assault by strangulation); 609.229 (crimes committed for the benefit of a gang); 609.235 (use of drugs to injure or facilitate crime); **609.24 (simple robbery)**; 609.245 (aggravated robbery); 609.25 (kidnapping); 609.255 (false imprisonment); 609.322 (solicitation, inducement, and promotion of prostitution; sex trafficking); 609.342 (criminal sexual conduct in the first degree); 609.343 (criminal sexual conduct in the second degree); 609.344 (criminal sexual conduct in the third degree); 609.345 (criminal sexual conduct in the fourth degree); 609.377 (malicious punishment of a child); 609.378 (neglect or endangerment of a child); 609.486 (commission of crime while wearing or possessing a bullet-resistant vest); 609.52 (involving theft of a firearm and theft involving the theft of a controlled substance, an explosive, or an incendiary device); 609.561 (arson in the first degree); 609.562 (arson in the second degree); 609.582, subdivision 1 or 2 (burglary in the first and second degrees); 609.66, subdivision 1e (drive-by shooting); 609.67 (unlawfully owning, possessing, operating a machine gun or short-barreled shotgun); 609.71 (riot); 609.713 (terroristic threats); 609.749 (harassment); 609.855, subdivision 5 (shooting at a public transit vehicle or facility); and chapter 152 (drugs, controlled substances); and an attempt to commit any of these offenses.

Minn. Stat. Ann. § 627.712 (West) (emphasis added).

According to Minnesota law, there are a set of listed crimes that require one who has been convicted of these expressed crimes of violence be subject to federal firearms prohibition. In *State v. Moon*, 463 N.W.2d 517, 519 (Minn. 1990), the Minnesota Supreme Court decided whether those convictions that have been deemed misdemeanors qualify under Subdivision 1a of Minn. Stat. Ann. § 609.165. The Minnesota Supreme Court concluded that those converted misdemeanor convictions do qualify as those that prohibit possession of firearms. *Id.* at 521. Therefore, under Minnesota law, which is at issue here, Schlinke is a prohibited possessor based upon Subdivision 1a. 18 U.S.C. § 921(20) ("What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held."). Therefore, he has not has his civil rights restored as to the possession of firearms.

The defense argues that Schlinke's simple battery conviction is excluded because 18 U.S.C. § 921(a)(20) states when a person's civil rights have been restored it "shall not be considered a conviction for purposes of this statute unless such . . restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." As stated above, according to Minnesota law, Schlinke's rights have not been fully restored, and he remains a prohibited possessor pursuant to *Moon*, 463 N.W.2d 519.

The Eighth Circuit addressed the issue regarding the restoration of rights in *United States v. Collins*, 321 F.3d 691, 692 (8th Cir. 2003). In *Collins*, the defendant was convicted of being a felon in possession of ammunition, and he received an enhancement under the Armed Career Criminal Act. Similar to Schlinke, Collins had been convicted in the state of Minnesota. Collins argued that because Minnesota had restored his civil rights and that "restoration did not include any express restriction on his right to possess firearms," the Minnesota conviction could not be used to enhance Collins's sentencing under 18 U.S.C. § 924(e). The Eighth Circuit stated:

> The fact that the order of discharge itself did not contain an express limitation on the right to possess firearms is not controlling. This court has held that even if the discharge certificate itself does not include the express limitation required by § 921(a)(20), a prior conviction is used for sentence enhancement if the defendant may not legally possess the firearm in the state that convicted him.

*Id.* at 697 (quoting *United States v. Wind*, 986 F.2d 1248, 1252 (8th Cir. 1993) (Magill, j. & Hansen, J. concurring) (noting that two of the three judges on the *Wind* panel joined the special concurring opinion). Using this analysis, in conjunction with the Supreme Court's opinion in *Caron v. United States*, 524 U.S. 308 (1998), the Eighth Circuit found that the Minnesota conviction counted toward the sentencing enhancement in 18 U.S.C. § 924(e) because Minnesota law prohibited the defendant from possessing a firearm and excluded the restoration of the right to

possess pistols[1] from the civil rights restored to felons. *Id.* (citing Minn. Stat. § 624.713 subd. 1(b)).

Although Schlinke attempts to rely on *United States v. Glaser*, 17 F.3d 1213, 1218 (7th Cir. 1994), the Eighth Circuit expressly rejected the Seventh Circuit's decision in *Glaser*. *See Collins*, 321 F.3d at 698 n.5. The Eighth Circuit stated, "[t]he Seventh Circuit has disagreed with our mode of analyzing whether prior Minnesota convictions satisfy the unless clause of 18 U.S.C. § 921(a)(20). . . . We, however, remain bound by the analysis set forth in our prior panel decisions as modified by *Caron*." *Id.* at 698 n.5.

Additionally, it appears that for a person convicted of a crime of violence in Minnesota, there is a lifetime firearms ban, and in order to restore the right to possess firearms and ammunition, the defendant must file a petition and the court may only grant it based on a good cause showing. Minn. Stat. Ann. § 609.165, subd. 1a and 1d. Because Schlinke remains a prohibited possessor in the state of conviction, he remains a prohibited possessor under 18 U.S.C. § 922(g)(1), and his right to possess firearms and ammunition were not restored.

Similarly, in *United States v. Kind*, 194 F.3d 900, 906 (8th Cir. 1999), the Eighth Circuit rejected the defendant's argument that he was not a felon in possession because the State of Minnesota had stayed imposition of his conviction, restored his civil rights, and rendered the crime a misdemeanor. The Eighth Circuit held that Kind had been convicted of a crime punishable by imprisonment for a term exceeding one year, and there was no evidence Kind's right to possess

---

[1] Schlinke has a lifetime ban on possessing "ammunition or a pistol or semiautomatic military-style assault weapon or . . . any other firearm" pursuant to Minn. Stat. 624.713 subd. 1(2) (provision effective as of August 1, 2003, per 2003 Minn. Sess. Law Serv. Ch. 28 (S.F. 842) (West)). The "any other firearm" language was added to the statute in 1994; thus, the analysis in *Collins* applies to all firearms, not just pistols. *See* 1994 Minn. Sess. Serv. Ch. 636 (H.F. 2351) (West).

firearms had been restored under Minnesota law. *Id.* at 906-07. Minnesota convicted Schlinke of a felony punishable by a term of imprisonment of up to ten years, and there is no evidence to suggest Minnesota restored Schlinke's right to possess firearms. Without evidence to the contrary, Schlinke remains a prohibited possessor under both Minnesota and federal law.

More recently the Eighth Circuit found in *United States v. Clinkscale*, 559 F.3d 815, 816 (8th Cir. 2009), that a crime of violence under Minnesota law, regardless of the fact that it had been deemed a misdemeanor, is an "offense 'punishable by imprisonment for a term exceeding one year.' U.S.S.G. § 4B1.2(a). As the word 'punishable' makes clear, the focus of this federal definition is on the prison sentence that *may* be imposed under state law, 'regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed.'" *Id.*

Finally, Schlinke's case can be distinguished from *Wind* because of the date of Wind's predicate convictions and the law in effect at the time. 986 F.2d at 1249. Also, at the time of Wind's convictions, the law in Minnesota restricting restoration of firearms rights was limited to pistols. *Id.* at 1252. The Eighth Circuit stated, "[a]lthough Wind's order of discharge does not contain an express limitation, we still must determine whether Minnesota law prohibits him from possessing the rifle at issue. If Minnesota law did prohibit him from possessing the rifle, his 1987 conviction would be considered for purposes of sentence enhancement even though the order of discharge did not contain an express limitation. However, Minnesota law does not prohibit felons from possessing rifles. *See* Minn. Stat. Ann. § 624.713 subd. 1(b) (prohibiting a felon only from possessing a pistol)."[2] *Id.* This is no longer the case. Minnesota clearly lists simple robbery as a

---

[2] As set forth previously, Minn. Stat. Ann. § 624.713 subd. 1 now prohibits possession of "ammunition or a pistol or semiautomatic military-style assault weapon or, except for clause (1), any other firearm. . . "

crime of violence. Those convicted of crimes of violence under Minnesota law are prohibited possessors of firearms under Minnesota law. As Schlinke was convicted in Minnesota of simple robbery, under Minnesota law he is a prohibited person, and although his discharge does not expressly state the firearms prohibition, he remains a prohibited person under Minnesota law. Schlinke's conviction is analogous to the convictions listed in *Collins*, *Kind*, and *Clinkscale*. Following the Eighth Circuit's reasoning in each of these cases, that a conviction, even if deemed a misdemeanor, remains a felony conviction under 18 U.S.C. § 922(g) if the state of conviction prohibits someone convicted of one of those crimes from possessing a firearm, Schlinke is a prohibited possessor based upon his Minnesota conviction for simple robbery.

Although the issue has not been raised by the defense, the Court may have questions about the United States' ability to prove the knowledge element added to 18 U.S.C. § 922(g) in *Rehaif v. United States*, 588 U.S. ____, 139 S. Ct. 2191 (2019). In Schlinke's case, the government has a video of Schlinke with a firearm in each hand, dancing, and yelling, "fuck you, probation officer!" The United States has spoken to witnesses who state Schlinke told that them that he was a convicted felon and could not legally possess firearms.

Wherefore, the United States respectfully asks this Court to deny the defendant's motion to dismiss. (Doc. No. 18).

Respectfully submitted,

CODY HILAND
United States Attorney

By: Stacy Williams
Bar No. AR2011081
Assistant United States Attorney
P.O. Box 1229
Little Rock, Arkansas 72203
(501) 340-2600
Stacy.Williams@usdoj.gov