IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                              4:20-CR-00163-JM

CHARLES ELRIC SCHLINKE

## ORDER

Pending is Defendant's Motion to Dismiss for Failure to State an Offense (Doc. No. 18). The Government has responded.[1]  For the reasons below, the motion is DENIED.

On June 4, 2020, Defendant was indicted for allegedly violating 18 U.S.C. § 922(g)(1). According to the Indictment, Defendant, who had previously been convicted of simple robbery in Minnesota, was unlawfully in possession of two firearms on May 20, 2020.[2]  Under § 922(g) it is unlawful for someone "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess a firearm.[3]

On October 15, 2015, Defendant was sentence to 10 years probation for simple robbery, in violation of Minnesota law.  Accordingly, Defendant was convicted of a crime punishable by imprisonment for a term exceeding one year.  Defendant's right to possess firearms was expressly prohibited under the terms of his probation.[4]  Notably, Defendant's probation discharge order specifically provides that the "discharge does not change any possible firearms restrictions that may be placed upon you."[5]

---

[1] Doc. No. 21.

[2] Doc. No. 2.

[3] 18 U.S.C. § 922(g)(1).

[4] Doc. No. 18-1.

[5] Doc. No. 18-4.

1

To the extent that Defendant is arguing that his simple robbery conviction was determined to be a misdemeanor and is not a qualifying conviction under § 922(g), that argument has been rejected repeatedly by the Court of Appeals for the Eighth Circuit.[6]

Finally, a simple robbery conviction under Minnesota law is a crime of violence.[7] In fact, Minnesota Statute Annotated § 609.165 specifically lists simple robbery as a crime of violence, and provides that a person who commits a crime of violence may not possess a firearm. It is possible for a court to restore these rights under the statute, but Defendant provided no evidence that his right to possess a firearm was restored by a Minnesota court.[8] Accordingly, based on his Defendant's simple robbery conviction, he remains a person unauthorized to a possess a firearm.

IT IS SO ORDERED this 22nd day of October, 2020.

_____
UNITED STATES DISTRICT JUDGE

---

[6] *Hirman v. United States*, 613 F.3d 773, 776 (8th Cir. 2010) (citing cases).

[7] *United States v. Pettis*, 888 F.3d 962, 964 (8th Cir. 2018), cert. denied, 139 S. Ct. 1258, 203 L. Ed. 2d 281 (2019) (holding "that Minnesota simple robbery qualifies as a violent felony.").

[8] Minn. Stat. Ann. § 609.165, Subd. 1d. "Judicial restoration of ability to possess firearms and ammunition by felon. A person prohibited by state law from shipping, transporting, possessing, or receiving a firearm or ammunition because of a conviction or a delinquency adjudication for committing a crime of violence may petition a court to restore the person's ability to possess, receive, ship, or transport firearms and otherwise deal with firearms and ammunition."